IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JEROME ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10CV553 |
| | ) | |
| A.K. PRUITT, and SUSAN HORAN, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION, ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's Motion [Doc. #34] filed pursuant to Federal Rule of Civil Procedure 60(b)(6). Plaintiff, a North Carolina prisoner proceeding *pro se*, seeks reconsideration of the Judgment [Doc. #24] entered on September 12, 2011, dismissing this action on Defendant Pruitt's motion. Plaintiff claims that the Court erred by finding that his action filed pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need was barred by the statute of limitation. For the reasons set out below, Plaintiff's Motion should be denied.

The remedy provided by Rule 60(b) is "extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979). In order to obtain relief under Federal Rule of Civil Procedure 60(b), "a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside. If the moving party makes such a showing, he must then satisfy one or more of the six grounds for

relief set forth in Rule 60(b) in order to obtain relief from the judgment." Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). Rule 60(b) factors include: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason that justifies relief" from the operation of the judgment. Fed. R. Civ. P. 60(b).

In this case, Plaintiff has failed to show any exceptional circumstances that would merit relief. Plaintiff argues that the Court should have applied North Carolina Rule of Civil Procedure 41(a)(1) and extended his limitation period by one year, making his filing timely. However, he does not explain why he failed to raise this contention in the normal course of litigating this action.[1] Moreover, by its own terms Rule 41(a)(1) applies when the plaintiff voluntarily dismisses the action. In this case, and in Plaintiff's prior case (1:08CV246), the Court dismissed Plaintiff's action on Defendant's motion. Therefore, the North Carolina rule does not apply. Thus, Plaintiff has failed to satisfy the threshold condition that he have a meritorious defense. As such, Plaintiff's Motion should be denied.

Finally, the Court notes that Plaintiff recently filed an additional Motion [Doc. #39] seeking a refund of the amounts applied toward payment of the filing fee in this case. Plaintiff

---

[1] Plaintiff filed Objections to the Magistrate Judge's Recommendation, appealed to the Fourth Circuit Court of Appeals which affirmed the Judgment, unsuccessfully sought rehearing before that court, and unsuccessfully sought certiorari in the Supreme Court.

2

previously filed a similar request to stop payment, and that request was denied by Order entered on December 21, 2011. For the same reason, the present Motion for a Refund will be denied.[2]

IT IS THEREFORE ORDERED that Plaintiff's Motion to Request Refund [Doc. #39] is DENIED.

IT IS RECOMMENDED that Plaintiff's Rule 60(b)(6) Motion [Doc. #34] be denied.

This, the 22nd day of February, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[2] The Judgment in this case dismissed this action without the assessment of additional costs against Plaintiff under Federal Rule of Civil Procedure 54(d) and Local Rule 54.1. However, as noted in the December 21, 2011 Order, that determination did not relieve Plaintiff of the obligation to pay the filing fee for this action.

3

Case 1:10-cv-00553-NCT-JEP   Document 40   Filed 02/22/13   Page 3 of 3